FILED

2012 DEC -3 AM 11: 33

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**RONALD CIMO**
    **Plaintiff,**

vs.

**SUNTRUST BANK**
    **Defendants.**

_____/

CASE NO.: 6:12cv1820-Orl-28TBS

**JURY TRIAL DEMANDED**

## COMPLAINT

### I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

2. This action is for statutory damages which arises out of the Defendant's violation of the, Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"),

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant Suntrust Bank transacts business here.

### II. PARTIES

4. Plaintiff, RONALD CIMO, (hereinafter "Plaintiff"), is a natural person who resides in the City of INDIAN HARBOUR BEACH, County of BREVARD, State of Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. Defendant SUNTRUST BANK, (hereinafter "SUNTRUST"), is a corporation which upon information and belief is authorized to do and doing business in the State of Florida, and is a person who furnishes information to consumer reporting agencies under 15 U.S.C § 1681s-2 and is subject to the series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

### III. FACTUAL ALLEGATIONS

6. Prior to the date of Defendant's actions from which these allegations are derived, Plaintiff RONALD CIMO had a good credit record.

7. Plaintiff, RONALD CIMO was the subject of credit reporting concerning a debt, defined under the meaning and purview of the FCRA.

8. In or about March 2012, Defendant Suntrust disseminated inaccurate information to EQUIFAX INFORMATION SERVICES LLC, a credit reporting agency regarding a debt.

9. Plaintiff RONALD CIMO disputed the inaccurate information with Defendant SUNTRUST BANK by written communication, to its representatives.

10. Plaintiff RONALD CIMO disputed the inaccurate information being reported by Suntrust Bank with EQUIFAX INFORMATION SERVICES LLC. (hereinafter "EQUIFAX") a credit reporting agency by written communication, to its representatives.

11. Plaintiff RONALD CIMO followed the credit reporting agencies established procedure for disputing consumer credit information.

12. Through information and belief, Defendant Suntrust Bank received notice from Equifax that there is a dispute with regard to the completeness or accuracy of the information being supplied to the Equifax

13. Plaintiff RONALD CIMO's dispute was not frivolous or irrelevant.

14. Specifically, Plaintiff asserts that the information that Plaintiff's account with Defendant was "paid after foreclosure started" was inaccurate.

15. Foreclosure proceedings were never initiated in regards to Plaintiff's account with Defendant.

16. Despite Plaintiff's dispute, Defendant has reported and continues to report the derogatory information that the account was paid after foreclosure started.

17. The inaccurate information negatively reflects upon Plaintiff RONAL CIMO's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

18. Defendant SUNTRUST BANK has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to remove the inaccurate information from Plaintiff's credit report.

19. Defendant has continued to verify, report, and confirm the derogatory inaccurate information about the Plaintiff.
20. Plaintiff, RONALD CIMO has been damaged, and continues to be damaged, in the following ways:

    a. Denial of credit;

    b. Out-of-pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Decreased credit score which may result in inability to obtain credit on future attempts.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## IV. COUNT ONE
## (VIOLATIONS OF FAIR CREDIT REPORTING ACT)
## 15 U.S.C. § 1681s-2(b).

22. Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.
23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).
24. Pursuant to 15 U.S.C. §§ 1681n, 1681o Defendant SUNTRUST BANK is liable to Plaintiff for engaging in the following conduct:

    a. Willfully and/or negligently publishing, disseminating, verifying and re-reporting false and inaccurate information with disregard for the truth of the information in violation of 15 U.S.C. § 1681s-2(a)(1)(B)b.

25. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined more fully above, and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages.

## V. COUNT TWO

### (SLANDER)

26. Plaintiff RONALD CIMO realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

27. As a result of Defendants' acts, Plaintiff RONALD CIMO has been slandered and sustained damages thereby.

.

### VI. DEMAND FOR JURY TRIAL

28. Plaintiff demands trial by jury on all issues so triable.

### VII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff RONALD CIMO seeks judgment in their favor and damages against the Defendants, based on the following requested relief:

   a. Actual damages;
   b. Statutory damages;
   c. Punitive damages;
   d. An order directing Defendant to compensate the Plaintiff RONALD CIMO for the humiliation caused by the Defendant's unlawful treatment in an amount to be determined at trial;
   e. Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

Christine S. Hansley, Esq.
Fla. Bar No. 732151
C.S. Hansley Law Firm, LLC.
3585 Murrell Road
Suite B
Rockledge, FL 32701
Telephone: (407)215-7583
Facsimile: (407)-567-7630
Attorney for Plaintiff